COLLINS *et al. v.* WILCOX, administrator.

The evidence showing that the two notes sued on had not been fully paid, and the verdict being for the defendants, the grant of a second new trial to the plaintiff was not an abuse of discretion.
March 10, 1890.

New trial. Promissory notes. Verdict. Before Judge ROBERTS. Pulaski superior court. May term, 1889.

The administrator of M. D. Wilcox sued E. A. and W. R. Collins on two promissory notes; one dated February 7th, 1880, and due October 1st, 1880, for $175; the other dated July 2d, 1880, and due October 1st, 1880, for $140; both payable to M. D. Wilcox or bearer;

both signed by E. A. Collins as principal, and W. R. Collins as security; and both "for value received." The defendants pleaded payment in full to Wilcox during his life. On the trial the plaintiff introduced the notes; also two mortgages signed by the defendants, one on certain stock, cattle and growing crops, and the other on growing crops, to secure the two notes.

The defendants introduced one Coleman, who testified that he was employed by Wilcox in his store, and went to work there in February, 1880; kept and looked after the books, notes and accounts; did not know how much cotton Collins carried to Wilcox; he delivered one bale to witness; did not know how much it was worth. The notes sued on and the mortgages were given for supplies to be furnished for that year. Wilcox instructed Coleman to notify the parties when they had traded to the amount of their notes and mortgages, and have them give additional notes and mortgages; Coleman does not recollect ever having given any such notice, and does not remember any direction that Collins gave about where to place the cotton as a credit. The account was not credited with the notes and mortgages nor were they put on the ledger, but there was another book on which they were kept. The plaintiff testified that he thought all the other books of the store of Wilcox were burned up except the ledger, produced under notice. One Lee testified that he kept books for Wilcox in the last part of 1879, and that W. R. Collins traded there some that year on his own account. W. R. Collins testified that in August, 1880, he carried one bale of cotton, worth $50.30, and delivered it to Coleman, that Coleman gave him $10 back to pay for bagging, ties, etc., and that he told Coleman to credit all the cotton that he brought on the notes. The ledger shows an account against W. R. Collins for the year 1880, but none against E. A. Collins. This account shows various

charges to W. R. Collins, running from January 27th to November 11th, 1880, and various credits running from March 24th to December 21st, 1880, leaving a balance due by Collins of $163.52. There is no mention upon this account of the notes and mortgages. Under the date of August 29th, 1880, is a credit of cash $50.30, and there is a credit of two bales of cotton on December 21st, 1880. This is the last item on the account. It is followed, on the same side, by an erasure, as to which there was no evidence beyond the account itself.

The jury found for the defendants, this being the second verdict in their favor. The court granted a new trial because the verdict was contrary to evidence, it appearing therefrom that a portion of the account for 1880 was still unpaid and should be found to be due on the notes. The defendants excepted.

MARTIN & SMITH, for plaintiffs in error.

M. T. HODGE and A. C. PATE, contra.

BLANDFORD, Justice.

The complaint is that the court below erred in granting a new trial. This being an action upon two promissory notes, and the evidence, we think, satisfactorily showing that the notes had not been wholly paid, and the verdict having been for the defendants, we think there was no abuse of discretion in the grant of a new trial.          Judgment affirmed.